**ST. LOUIS HOUSING AUTHORITY,**
**Plaintiff-Respondent,**

v.

**Annie THOMPSON, Defendant-Appellant.**

**No. 45820.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 30, 1983.

Nancy Schmidt, St. Louis, for defendant-appellant.

Steinberg & Crotzer, Ettie L. Collier, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

The principal issue on appeal is whether respondent, St. Louis Housing Authority, complied with lease provisions requiring the Housing Authority to give appellant, Annie Thompson, a thirty day written notice prior to termination of the lease, a full statement of the reason for termination and a statement of the tenant's right to a grievance hearing. We reverse.

On April 22, 1981, respondent served on appellant a notice to terminate tenancy. The notice to terminate tenancy stated:

YOU ARE HEREBY NOTIFIED that your tenancy with the St. Louis Housing Authority will be terminated on or after thirty (30) days from the date of this Notice for the following reasons, to-wit:
Part I—Tenant Agrees: Item 4–B
To conduct himself and cause his household or other persons who are on the premises with his consent to conduct themselves in a manner which will not disturb his neighbors' peaceful enjoyment of their accommodations and will be conducive to maintaining his dwelling unit

and the development in a decent, safe and sanitary conditions.

C. To refrain from illegal activity under Federal, State or local laws, or other activity which impairs the physical or social environment of the development.

D. To refrain from allowing the premises to be used for any purpose in violation of law.

Part II—Authority Agrees: Item 12–M Creation or maintenance of a threat to the health or safety of other Tenants or Authority employees or those of any of its Management Agents.

YOU ARE FURTHER NOTIFIED that based on the cause of termination of your lease you do not qualify for a grievance hearing and the matter will be resolved in a court of competent jurisdiction in accordance with the laws of the State of Missouri.

Subsequent thereto, respondent filed an affidavit and complaint in unlawful detainer against appellant. The affidavit was certified for assignment pursuant to § 517.-520 RSMo 1978. A trial was held on October 13, 1981. However, at trial, respondent's theory was not for the reasons stated in the notice, but rather, for appellant's alleged delinquency in rental payments. As is obvious, the termination notice failed to mention any rental delinquency.

■ Appellant contends that respondent failed to properly terminate the lease. The lease stated that "[t]enant shall continue to occupy the premises . . . until terminated by Tenant or Management, pursuant to the provisions . . . ." The lease requires respondent to supply a written notice terminating the lease including "a full statement of the reason for the action." The policy behind this clause is to give the tenant notice of the reason or reasons for the eviction and for an opportunity to prepare a rebuttal for an answer to the allegations. The reasons cited by respondent were not sufficient to satisfy this purpose. Bare recitations of lease provisions do not inform a defendant of specific actions or omissions. The termination notice completely failed to notify appellant of the allegations against her nor give her an opportunity to defend against them. Appellant was at a complete loss to counter respondent's allegations.

■ Appellant also contends that termination of the lease is a condition precedent to the institution of an action in unlawful detainer. Unlawful detainer is defined as "any person [who] shall willfully and without force hold over any land, tenements or other possessions, after the termination of the time for which they were demised or let to him . . . ." § 534.030 RSMo 1978. Because the lease has not been lawfully terminated, there can be no unlawful detention. *Fisher v. Payton,* 219 S.W.2d 293 (Mo.App. 1949).

■ In addition, respondent's argument at trial was premised on appellant's alleged nonpayment of rent. Such being the case, the lease entitled appellant "to a Hearing with the Board of the Tenant Association/Corporation whenever [s]he feels aggrieved by Management in . . . collecting or adjusting rents." Respondent failed to give such a hearing. Respondent's failure to comply with the lease requirements entitles appellant to "continue to occupy the premises."

For the reasons stated above, the judgment is reversed and vacated.

SMITH and KELLY, JJ., concur.