**JIM MEDVE INVESTMENT COMPANY, Respondent,**

v.

**Alphonso E. BAILOUS, III, Appellant.**

**No. 52201.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer Denied Nov. 24, 1987.

John Russell Essner, Marc B. Fried, St. Louis, for appellant.

Wally Joseph Pankowski, Dellwood, for respondent.

CRIST, Judge.

Appellant (lessee) appeals a judgment of the circuit court in an action for unlawful detainer wherein the court found for respondent (lessor) on all issues and awarded lessor possession of the premises, $2,800 for double rental value of the property, and $2.00 for double damages. We note defendant waived its money judgment in its motion to dismiss on appeal. We affirm.

The lease, dated May 1, 1985, was for a term of twelve months. An addendum to the lease was also signed by the parties at that time. The addendum brought the lease under the Section 8 Existing Housing Program of the U.S. Department of Housing and Urban Development. In February of 1986, lessor contacted lessee regarding renewal of the lease. Lessee refused to sign a new lease without a provision he would be released from the lease if he found a bigger apartment. Lessor refused to make this concession.

On April 8, 1986, lessor sent a letter notifying lessee he and his family should vacate the premises at the end of the present lease term, April 30, 1986. On April 11, 1986, lessee again refused to sign a lease without the walk-away provision. At some point thereafter, lessee sought to renew his lease, but lessor refused to renew its offer.

In a court-tried case, we are obliged to accept as true the evidence and permissible inferences to be drawn therefrom in favor of the prevailing party and to disregard contradictory testimony. It is up to the trial judge to determine the credibility of the witnesses. *Cusumano v. Outdoors Today, Inc.*, 608 S.W.2d 136, 139 [4, 5] (Mo.App.1980).

Lessee contends the trial court erred in finding his tenancy terminated because there was no proper notice. Lessee is correct in his assertion an action for unlawful detainer lies only after a lease is properly terminated. § 534.030, RSMo 1986; *St. Louis Housing Authority v. Thompson*, 657 S.W.2d 390, 391 [2] (Mo.App.1983). However, the requirements for termination differ between leases for a fixed term and periodic tenancies.

The lease was for a term of twelve months beginning May 1, 1985. Lessee asserts this term was modified by the addendum to the lease providing the lease will begin on May 1, 1985, and continue until the occurrence of one of three stated conditions. Lessee argues this, in effect, changed the tenancy from a fixed term to a periodic tenancy. We do not agree.

The addendum, at most, requires lessor *offer* the lessee a new lease. There was no evidence the old lease was to continue after the end of the term. The addendum is replete with references to the offer of a "new lease." Section (K) states "the Landlord may offer the Tenant Family the pro-

posed new Lease ... for a term beginning after the first year of the term of this Lease." For those reasons, we find the lease was for a fixed term.

■ No notice or demand is necessary to maintain an unlawful detainer action against a tenant holding over after the end of a fixed term lease. *Cusumano*, 608 S.W.2d at 139 [10]; § 441.070, RSMo 1986. Therefore, this point fails.

■ For his second point lessee proposes the trial court erred by failing to take appropriate action when several of defendant's witnesses failed to appear at trial. In effect, defendant argues a continuance should have been granted to enable defendant to present this testimony.

■ Rule 65.03 describes the required form for an application for continuance. It requires a written motion accompanied by an affidavit. No motion or affidavit was presented by lessee in this case. Additionally, lessee has not shown service upon any alleged witnesses, nor the materiality of their testimony. Lessee seeks special protection because he proceeded *pro se* at trial. However, parties proceeding *pro se* are bound by the same rules and procedures as lawyers. They are entitled to no indulgence they would not have received if represented by counsel. *Boyer v. Fisk*, 623 S.W.2d 28, 30 [3] (Mo.App.1981).

"Since the trial judge is responsible for controlling the docket and the progress of litigation, the grant or refusal of a continuance is a matter of judicial discretion." *Commerce Bank of Mexico v. Davidson*, 667 S.W.2d 474, 476 [1] (Mo.App.1984). The trial court did not abuse its discretion in not granting a continuance when none was asked for, and the grounds necessary for a continuance were not shown.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.