**Robert WHEADON, Plaintiff/Appellant,**

v.

**Robert FROELICH, et al.,
Defendants/Respondents.**

No. 59090.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1991.

Robert Wheadon, Jefferson City, for plaintiff/appellant.

James J. Wilson, Edward J. Hanlon, St. Louis, for defendants/respondents.

GRIMM, Judge.

Plaintiff Robert Wheadon appeals the dismissal of his petition against police officers who were involved in his arrest for possession of cocaine. Finding his brief does not comply with the requirements of Rule 84.04, we dismiss the appeal.

### I. Background

In his *pro se* petition, plaintiff set forth two counts. As best we can discern, Count I is a libel action against two of the eight police officer defendants. In it, he charged that one officer knowingly made false statements against plaintiff in a sworn affidavit which was used to secure a search warrant. Additionally, he claimed another officer conspired with the first officer in this matter.

Count II of plaintiff's petition is against all eight officers. It alleges defendants

**818**

violated § 575.320 * "by causing or conspiring to cause Plaintiff physical injury and personal damages."

Two weeks prior to filing the above petition, plaintiff had filed a 42 U.S.C. § 1983 action in federal court. The allegations in the federal action involved the same events which prompted this petition. In the federal action, however, he named only two of the officers as defendants.

The state trial court dismissed plaintiff's lawsuit. The expressed reasons were (1) failure to state a cause of action and (2) pendency of the same cause of action in federal court.

## II. Failure to Comply with Rule 84.04

■ Plaintiff's *pro se* brief fails to comply with the requirements of Rule 84.04. First, Rule 84.04(a)(2) requires a statement of facts. The statement of facts must be "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.-04(c). In addition, Rule 84.04(h) requires "specific page references to the legal file" in the statement of facts.

Plaintiff's statement of facts contains three paragraphs. None of the three paragraphs sets forth any pleaded facts. It does not set forth a "fair and concise statement" of the relevant facts. Nor are there any page references to the 84–page legal file.

Neither does plaintiff's sole point relied on comply with Rule 84.04(d), which requires an appellant to identify the rulings of the court sought to be reviewed and to say "wherein and why" the ruling is erroneous. Abstract statements of the law do not constitute compliance.

■ Parties who represent themselves must satisfy all relevant rules of procedure. *Arenson v. Arenson,* 787 S.W.2d 845, 846 (Mo.App.E.D.1990). Parties proceeding *pro se* are bound by the same rules as lawyers. *Snelling v. Stephenson,* 747 S.W.2d 689, 690 (Mo.App.E.D.1988). "They are entitled to no indulgence they would not have received if represented by coun-

sel." *Jim Medve Inv. Co. v. Bailous,* 740 S.W.2d 678, 680 (Mo.App.E.D.1987).

The appeal is dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

* All Missouri statutory references are to RSMo    1986.