**METRO INSURANCE AGENCY,**
**Appellant,**

v.

**Bud MANNINO, a/k/a Phillip Mannino,**
**Individually and d/b/a Bennett's**
**Pets, Respondent.**

**No. 62499.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 25, 1993.

Jane E. Cohen, Clayton, for appellant.

Donald H. Clooney, St. Louis, for respondent.

CRIST, Judge.

Metro Insurance Agency, Inc. (Metro) appeals the denial of its motion to reopen its case and present additional evidence. We reverse and remand for a new trial.

Metro sued Bud Mannino a/k/a Phillip Mannino, individually and d/b/a Bennett's Pets (Tenant) for past-due rent owed on a lease for commercial property in Central City Shopping Center. Metro was not a party to the lease; Tenant had entered into the lease with Central City Shopping Center. At trial, Metro failed to introduce evidence showing its relationship to Central City Shopping Center or how it became successor to Central City's rights as landlord under the lease. Immediately after Metro rested, Tenant moved to dismiss based on the fact that Metro was not the proper party plaintiff to bring suit. Metro moved to reopen the case and introduce an agreement in lieu of forfeiture which, presumably, would show it was the proper party plaintiff. The motion was made immediately after Tenant's motion.

In its petition, Landlord asserted, inter alia, (1) it had "original ownership of said property pursuant to foreclosure"; and (2) "Landlord Predecessor and Tenant entered into a Lease Agreement on March 16, 1988 for the premises known and numbered Central City Shopping Center, and Tenant's obligations are set forth in the Lease Agreement." The lease between Tenant and Central City was attached to the petition. Landlord began its prayer in the petition, "Metro Insurance Agency, Inc. prays for judgment...."

Landlord's only indication in its petition that it was successor to Central City's rights under the lease was, by implication, its reference to itself as "Landlord" and its reference to Central City as "Predecessor Landlord." Tenant filed no responsive pleading to the petition. Landlord filed no objection. *See Stockstrom v. Jacoby*, 775 S.W.2d 300, 303[4] (Mo.App.1989).

At trial, Landlord's only witness was Robert Griffith, an employee of United Postal Service Association. He stated he was a commercial asset manager who oversaw a portfolio of properties including Central City Shopping Center. He testified as to the terms of the lease, the balance owed on the lease, and the fact that he hired Eisenberg Property Management to negotiate a new lease when the term had expired. He did not indicate anything about his relationship with Metro or Metro's relationship to Tenant.

After Metro rested and Tenant moved for dismissal, the exchange between the attorneys and the court went as follows:

Tenant: * * * There's no proof at all that Metro ... is the proper party plaintiff. The leases that have been submitted here are in the name of Central City Limited and there's been no proof of assignment or anything else giving Central City the right to proceed underneath the lease....

Metro: Your Honor, first of all, I have a copy of the agreement (inaudible) foreclosure, and—

Tenant: Your Honor, she's already rested her case. I asked her specifically.

Metro: And it does provide in the first instance that the landlord took it pursuant to foreclosure....

Tenant: Your Honor, even if they take it by foreclosure, it still wasn't the proper party plaintiff; and they're proceeding underneath the lease, and that's the pleadings right there. The pleadings do say that. They're proceeding as a breach of lease.

Metro: And they have a right to proceed as breach of lease as a successor to the original landlord.

Tenant: The only thing is there is no evidence to the Court of that effect that's submitted at this time; and you rested your case.

Court: Do you realize he's right?

Metro: I realize that we're going to be wasting a lot of time going up on an appeal.

Court: I know it.

Metro: I'd like to move to reopen and add the agreement in lieu of foreclosure.

The court then took the matter under advisement and proceeded to hear its next case to which Metro and Tenant were also parties.

█ A trial court's decision to allow a party to present further evidence after evidence is closed is a matter of discretion, and the court's decision will be reversed only upon a showing of abuse of such discretion. *Matter of Estate of Viviano*, 624 S.W.2d 130, 133[7] (Mo.App.1981). "[O]rdinarily when there is no inconvenience to the court nor unfair advantage to one of the parties it would be an abuse of discretion upon the refusal to permit the introduction of material evidence which might substantially affect the merits of the case." *Id.* at 133[8].

In *Smith v. Ray M. Dilschneider, Inc.*, 283 S.W.2d 631 (Mo.Div. 2 1955), the Missouri Supreme Court considered whether the trial court erred by denying the plaintiff's request to reopen the case and allow her to introduce a letter which appeared to be material. *Id.* at 635[6]. The plaintiff made the motion after resting and after the defendant had moved for a directed verdict. *Id.* The Supreme Court noted the motion for directed verdict had not yet been ruled on and there was no showing the defendant or the court would have been unduly inconvenienced or that the defendant would be disadvantaged. *Id.* It found the trial court's refusal was an abuse of discretion. *Id.*

█ Here, although Metro did not make a formal offer of proof, the record suggests the evidence Metro sought to introduce was material. The motion to reopen

was made before the trial court's ruling on Tenant's motion to dismiss and Metro appeared to be ready to introduce the agreement on the spot. Nothing in the record indicates introduction of such evidence would have imposed any inconvenience to Tenant or the court. In fact, the court heard another cause involving Metro and Tenant immediately following taking the matter under advisement.

Nothing indicates introduction of the agreement would have imposed an unfair hardship on Tenant. The pleadings clearly gave Tenant notice (1) Metro was standing in the role of landlord in its suit against tenant, and (2) Metro's connection with Tenant was through foreclosure proceedings on the lease property. Further, the record indicates Metro's failure to introduce the evidence prior to resting was inadvertent. *See Narens v. St. Louis Public Service Co.*, 238 S.W.2d 37, 41[3–4] (Mo. App.1951).

█ We are mindful that a trial court may sometimes refuse to reopen a case where it is apparent counsel's failure to introduce evidence is attributed to a want of diligence. *See Prevost v. Wilkin*, 358 S.W.2d 417, 420[3] (Mo.App.1962); *State v. Smith*, 80 Mo. 516, 520[5] (1883). However, here the trial court denied the introduction of the evidence, then went on to dismiss the case based on the lack of that very evidence despite the fact Metro was willing and able to produce the evidence immediately, despite the fact there was no indication of inconvenience to the court or Tenant, despite the fact there was no indication of hardship on Tenant. Under these facts, the trial court abused its discretion in not allowing Metro to introduce the agreement in lieu of foreclosure. *See Bommer v. Stedelin*, 237 S.W.2d 225, 229[7–8] (Mo. App.1951). The judgment of the trial court is reversed and the case remanded for a new trial.

AHRENS, P.J., and REINHARD, J., concur.