**Roy Rollins HANSEN, Plaintiff–Appellant,**

v.

**MISSOURI REAL ESTATE APPRAISERS COMMISSION, Defendant–Respondent.**

No. 19003.

Missouri Court of Appeals, Southern District, Division One.

May 6, 1994.

---

Roy Rollins Hansen, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Donna Ann Coleman, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PER CURIAM.

Roy Rollins Hansen appeals after the circuit court dismissed his petition for judicial review of a decision of the Administrative Hearing Commission. We dismiss the appeal.

Hansen filed an application with the Missouri Real Estate Appraisers Commission (REAC) for "general certification" pursuant to the Missouri Certified and Licensed Real Estate Appraisers Act, §§ 339.500–.545, RSMo Supp.1990.

REAC informed Hansen by letter that he needed to provide evidence of his compliance with certain statutory and regulatory requirements. Hansen failed to supplement his application as advised, and the REAC denied his application.

Hansen filed a complaint with the Administrative Hearing Commission (AHC). Following a hearing, the AHC upheld the action of the REAC. Hansen then filed his petition for judicial review of the AHC decision in circuit court. The circuit court dismissed Hansen's petition and he appeals.

Hansen's brief violates almost every subsection of Supreme Court Rule 84.04. There is no jurisdictional statement, Rule 84.04(b), and no "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Not only does the brief contain no point relied on in the form contemplated by Rule 84.04(d), it does not, in any fashion, identify the action or ruling sought to be reviewed, indicate wherein and why the circuit court was in error, or cite any authority.

In the absence of a point relied on, the failure of the argument to "substantially follow the order of 'Points Relied On,'" Rule 84.04(e), was foreordained. Moreover, if we were to overlook the violation of Rule 84.-04(d) and grant plain error review under Rule 84.13(c) (which action we do not take), the argument does not assist us in identifying wherein and why the circuit court erred in its dismissal. Hansen's brief, reply brief, and accompanying material appear primarily to be an attempt to place before this court evidence refuting the REAC's reasons for rejecting his application.

We note one other Rule 84.04 violation. Hansen's brief is bereft of specific page references to the record. Rule 84.04(h).

With exceptions not applicable here, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. . . ." Rule 84.13(a). Parties who represent themselves must satisfy all relevant rules of procedure. *Wheadon v. Froelich*, 811 S.W.2d 817, 818[2] (Mo.App. 1991). "They are entitled to no indulgence they would not have received if represented by counsel." *Jim Medve Inv. Co. v. Bailous*, 740 S.W.2d 678, 680[4] (Mo.App.1987).

We dismiss the appeal.