Danny L. PAGE & Dawn
M. Page, Appellants,

v.

Donald LEWIS & Linda
Lewis, Respondents.

No. 66323.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 5, 1995.

Danny L. Page, Union, pro se.

Jonathan Lloyd Downard, Union, for respondents.

WHITE, Judge.

Appellants, Danny L. Page and Dawn Page, appeal from the trial court's judgment directing a verdict for respondents. We reverse and remand.

Appellants filed a petition in small claims court alleging respondents, Donald Lewis and Linda Lewis, breached a contract regarding a real estate sale. Respondents filed an answer denying appellants' allegations. Respondents also filed a counterclaim alleging the parties entered into a residential sales contract, pursuant to the contract $750.00 was retained in escrow and the contract terms were satisfied. Respondents also asserted a copy of the contract was attached to the answer and counterclaim. This document apparently is a modification of the original sales contract and contains a provision for the removal of all junk and larger pieces of concrete from the property. The document also provides $750.00 was to be held in escrow until the items were removed. Respondents sought the $750.00 "earnest money" along with interest and costs.

The small claims court conducted a hearing and heard evidence from the parties. The court found appellants and respondents entered into a written purchase agreement for certain real property and this agreement contained a clause requiring respondents to remove junk and larger pieces of concrete

from the property. The court also found to secure performance of the clause, $750.00 was placed in escrow and respondents had failed to remove the items from the property. The court entered judgment for appellants and awarded them $750.00 and costs. Respondents timely filed an application for a trial *de novo* pursuant to § 482.365 RSMo1986.

Appellants subsequently filed interrogatories and a request for admissions. The case was set for trial but appellants failed to appear. During the trial respondent Donald Lewis testified the parties entered into a contract for certain property and part of this contract required respondents to remove some concrete and other junk. Mr. Lewis testified he "removed the junk." The court entered judgment for respondents on their counterclaim and awarded them $750.00 and costs. Appellants made a motion to set aside the judgment the same day of the hearing. The trial court sustained this motion.

Thereafter, the trial court granted respondents additional time to answer appellants' request for admissions and interrogatories. Respondents answered the interrogatories and request for admissions within the time frame prescribed by the court. Respondents admitted there was a sales contract between the parties and stated the junk and larger pieces of concrete had been removed from the property.

The court held another hearing and appellants appeared pro se. Respondents appeared and were represented by counsel. Prior to their opening statement, appellants made an oral motion for summary judgment. Appellants argued respondents admitted all relevant facts because they failed to timely file their answer to appellants' request for admissions. The court denied the motion but informed appellants they could use respondents' admission there was a sales contract. Appellants discussed the contract during their opening statement and presentation of evidence. Appellants attempted to introduce certain photographs but the trial court sustained respondents' objection for lack of foundation. Appellants did not introduce the contract into evidence or ask the court to

take judicial notice of the pleadings or any prior proceedings.

After appellants completed their case, respondents made a motion for directed verdict because appellants failed to introduce the contract. Appellants argued the contract was part of the "court record" and asked the court for leave to reopen their case to introduce the contract. The court denied appellants' request to reopen and sustained respondents' motion for directed verdict. The court stated "I just have to sustain the motion; not that I want to, but you have to produce the evidence. And there is no contract that's been admitted; therefore, there is no contract before the Court which the Court can determine is the cause for some underlying responsibility on the part of these people, the Lewises, to provide you with anything." Appellants raise three points on appeal.

▆ We note initially the contract itself was not before the court at the trial *de novo*. Under § 482.365 a trial *de novo* from a small claims judgment is treated as a trial anew of the entire case. *State ex rel. Means v. Randall,* 764 S.W.2d 120, 123 (Mo.App.W.D. 1988). Accordingly, any introduction of the contract during the hearing by the small claim's court or its findings and judgment regarding the contract does not render the document introduced in evidence for the trial *de novo.* In addition, appellants failed to introduce respondents' counterclaim, with the attached contract, into evidence or request the court to take judicial notice of the pleadings. Admissions in pleadings cannot be regarded as evidence unless the pleadings are properly introduced at trial. *Kelsey v. Nathey,* 869 S.W.2d 213, 217 (Mo.App.W.D. 1993). However, appellants argue in their third point the trial court erred by not permitting them to reopen their case and introduce the contract into evidence. We agree.

▆ The decision to permit a party to reopen is generally within the sound discretion of the trial court. *In re Estate of Mapes,* 738 S.W.2d 853, 855 (Mo. banc 1987). However, our Supreme Court has stated:

> [w]hen there is no inconvenience to the court or unfair advantage to one of the

parties, there is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially affect the merits of the action and perhaps alter the court's decision.

*Pride v. Lamberg,* 366 S.W.2d 441, 445 (Mo. 1963).

■ The contract is clearly material and appellants could have avoided a directed verdict for the reasons given by the trial court by being permitted to introduce the contract. Furthermore, granting appellants leave to reopen would not have inconvenienced the court or prejudiced the respondents. Appellants made their motion to reopen prior to the trial court's grant of respondents' directed verdict motion. The contract was the basis of appellants' claim and respondents' counterclaim. It appears appellants mistakenly believed the contract was part of the "court record." Under these circumstances, the trial court abused its discretion by not permitting appellants to reopen and introduce the contract. *See In re Estate of Mapes,* 738 S.W.2d at 855–56; *Metro Ins. Agency v. Mannino,* 856 S.W.2d 81, 83 (Mo. App.E.D.1993); *Moss v. Greyhound Lines, Inc.,* 607 S.W.2d 192, 195–96 (Mo.App.E.D. 1980).

■ Appellants argue in their first point the trial court erred by granting respondents additional time to answer appellants' request for admissions and interrogatories. The trial court did not abuse its discretion in this ruling. *State ex rel. A.N.W. v. D.T.F.,* 788 S.W.2d 805, 806 (Mo.App.E.D.1990). In their second point, appellants argue the trial court erred by sustaining respondents' objections to the introduction of certain photographs. This ruling was also within the trial court's discretion. *Wood River Pipeline Co. v. Sommer,* 757 S.W.2d 265, 269 (Mo.App.E.D.1988).

The trial court's judgment is reversed and the cause remanded for new trial.

SMITH, P.J., and PUDLOWSKI, J., concur.