**Elbert L. SUTTON, CPA,**
**Employer–Appellant,**

v.

**Patricia KESTLER, Claimant–**
**Respondent.**

**No. 20894.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 1996.

Elbert L. Sutton, Lake Ozark, Pro Se.

PER CURIAM.

Elbert L. Sutton, CPA, (Appellant) appeals from an order of the Labor and Industrial Relations Commission allowing unemployment compensation benefits to Sutton's former employee, Patricia Kestler (Respondent). We dismiss the appeal.

Respondent began her employment with Appellant in February, 1994, and quit working for him on July 5, 1995. Respondent then filed for unemployment benefits with Missouri's Division of Employment Security. On August 2, 1995, a division deputy determined that Respondent was not disqualified because she had quit work, but rather had good cause in that she did not receive paychecks on a timely basis and that the problem had not been corrected despite several earlier discussions.

Thereafter, Appellant appealed the deputy's determination and an appeals referee reversed the deputy's determination, finding that Respondent was disqualified from benefits. Following Respondent's application for review, the Labor and Industrial Relations

Commission issued its order reversing the decision of the appeals tribunal in which it concluded that Respondent did have good cause for quitting her employment. This appeal was filed on March 8, 1996.

■ Appellant's brief violates almost every subsection of Supreme Court Rule 84.04.[1] There is no jurisdictional statement, Rule 84.04(b), and no "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Not only does the brief contain no point relied on in the form contemplated by Rule 84.04(d), it does not, in any fashion, identify the action or ruling sought to be reviewed, indicate wherein and why the Commission was in error, or cite any authority.

In the absence of a point relied on, the failure of the argument to "substantially follow the order of 'Points Relied On,'" Rule 84.04(e), was foreordained. Moreover, if we were to overlook the violation of Rule 84.04(d) and grant plain error review under Rule 84.13(c), which we do not, the argument does not assist us in identifying wherein and why the Labor and Industrial Relations Commission erred in holding that Respondent was qualified for benefits. *Cf. In Interest of S.J.G.*, 871 S.W.2d 638, 641[5] (Mo.App. 1994) (employing argument portion of brief to review under plain error standard).

We note one other Rule 84.04 violation. Appellant's brief is bereft of specific page references to the record. Rule 84.04(h).

■ With exceptions not applicable here, "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal ...." Rule 84.13(a). Parties who represent themselves must satisfy all relevant rules of procedure. *Wheadon v. Froelich*, 811 S.W.2d 817, 818[2] (Mo.App. 1991). "They are entitled to no indulgence they would not have received if represented by counsel." *Jim Medve Inv. Co. v. Bailous*, 740 S.W.2d 678, 680[4] (Mo.App.1987).

We dismiss the appeal.

---

1. All references are to Missouri Rules of Court, 1996, unless otherwise indicated.