**CITY OF KANSAS CITY,
INC., Respondent,**

v.

**Fairy HAYWARD, Appellant.**

**Nos. WD 53133, WD 53134.**

Missouri Court of Appeals,
Western District.

Submitted May 1, 1997.

Decided Aug. 12, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 30, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Fairy Hayward, Party acting pro se.

Roger Potter, Kansas City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

PER CURIAM.

Fairy Hayward was charged with driving without a license and running a red light. She was convicted in Kansas City Municipal Court, fined, and taxed court costs. Ms. Hayward appealed to the Jackson County Circuit Court. While she was before that court, appearing *pro se*, she stated her belief that the court did not have jurisdiction over her. On that basis, the circuit court remanded the cause back to municipal court. Ms. Hayward now appeals to this court. We dismiss Ms. Hayward's appeal because of her failure to comply with Rule 84.04.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 1995, a Kansas City police officer observed a vehicle driven by Ms. Hayward proceed through an intersection on a red light. The officer stopped the vehicle and asked Ms. Hayward to produce her operator's license. Ms. Hayward told the officer that she did not have a license and that she did not need a license. The officer ran a computer check and determined that Ms. Hayward had not been issued a license. Ms. Hayward was charged with driving without a license and running a red light. She was convicted in Kansas City Municipal Court and appealed the conviction to the Jackson County Circuit Court. At the trial *de novo* in circuit court, Ms. Hayward expressed her view that the circuit court did not have jurisdiction. With the acquiescence of Ms. Hayward, the circuit court sent the case back to municipal court. Ms. Hayward appeals from the circuit court's action in sending the case back to municipal court.

## RULE 84.04

The respondent, the City of Kansas City, contends that Ms. Hayward's brief does not meet the requirements of Rule 84.04 and thus, her appeal should be dismissed. We agree.

When a party represents himself or herself *pro se,* that party is bound to the same rules of procedure to which an attorney is bound. *Snelling v. Chrysler Motors Corp.,* 859 S.W.2d 755, 756 (Mo.App.1993). *Pro se* parties are generally entitled to no special indulgences. *Sutton v. Kestler,* 930 S.W.2d 516, 517 (Mo.App.1996). "This rule is not because we lack sympathy; rather, it is required in order that all parties are treated fairly, and in order to preserve judicial impartiality and judicial economy." *Gosek v. Gosek,* 910 S.W.2d 849, 850 (Mo.App.1995).

One of the rules of procedure that Ms. Hayward is bound to follow is Rule 84.04, the rule that relates to the form and content of briefs. Failure to follow this rule preserves nothing for review. *Dinwiddie v. State,* 905 S.W.2d 879, 881 (Mo.App.1995). Violations of the rule constitute grounds for the dismissal of the appeal. *Jones v. Wolff,* 887 S.W.2d 806, 808 (Mo.App.1994). This court is under no obligation to review a brief not in conformity with the rules of appellate procedure. *Id.*

Rule 84.04(d) provides, in pertinent part:

(d) **Points Relied On.** The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the "Points Relied On." Long lists of citations should not be included.

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Before her jurisdictional statement, Ms. Hayward begins her brief by stating:

COMES NOW Private Missouri Citizen Fairy Hayward, a natural born white adult female (sui juris) living in Jackson County as a Citizen of the Missouri Republic, and here by special appearance Citizen in party, proceeding at law in summo jure jus regium, and as such without conferring nor consenting to any ministerial strict liability statutory jurisdiction. The Accused under Article V Sec. 1 ["Judicial Power"], enforces all Constitutional limitations and prohibitions against this court, its quasi ministerial jurisdictional capacity and summary proceeding, and the herein stated Plaintiff or prosecution and other interested officers, officials, parties and employees operating in their respective political, corporate artificial capacities within the said country, city and state, and does hereby state and allege as follows: . . . .

This declaration, filled with pseudo-legal mish-mash and arcane phrases making no sense, sets the stage for her points relied on and her entire brief. Because an appellate brief is a communication, the writer typically seeks to be understood, in order that the writer may persuade. Ms. Hayward appears to believe the purpose of a brief is to be obscure and esoteric. Her points relied on are somewhat better than her introduction, but still are lacking in both substance and style:

### POINT # 1

The trial court erred in remanding Appellant's two cases, MA96–0219 and MA96–0220, back to municipal court, because the trial court, contrary to the court's declaration, had the authority and the force of law to make a determination of the cases, in that the

a). Appellant applied for and paid for a trial de novo,

b). Appellant's responsive pleadings and the testimonies of Respondent's witnesses against the Appellant were before the trial court,

c). the Appellant had asked twice for the trial court to make a determination,

d). the judge has the authority to pronounce judgement, and

e). the word "trial" denotes the completion of a process.

### POINT # 2

The trial court erred in failing to provide Appellant a Preliminary Hearing prior to the trial, because, in a Preliminary Hear-

ing, the Respondent would had to have proven jurisdiction over the Appellant and Appellant's property, in that jurisdiction, once challenged, is a primary question of law, and questions of law must be resolved before questions of fact may exist.

### POINT #3

The trial court erred in stating that the only thing the court could do was to remand the cases, MA96–0219 and MA96–0220, back to municipal court for the Appellant to satisfy the lower court's judgment, because the force of the statement deprived Appellant of a trial on the issues in that (a.) the court had authority and force of law to make a determination of the two cases and (b.) the trial court's failure to make a determination of the two cases, especially when asked to do so by Appellant, is an obstruction of justice.

### POINT #4

The trial court erred in failing to protect Appellant's citizen-in-party rights of due process of law and equal protection of the law, because the trial court deprived Appellant joiner under the common law jurisdiction, in that (a.) the Appellant has declared and maintained Appellant's citizen-in-party rights throughout Appellant's responsive pleadings, and (b.) Respondent has not, nor can produce a valid contract to join the Appellant under the jurisdiction of the Jackson County Courthouse, pursuant to MRC, Rule 55.27(a)(7).

■ Rule 84.04 requires that the points relied on state briefly the actions or rulings of the court for which review is sought and wherein and why those rulings are claimed to be erroneous, with citations of authority thereunder. *Thummel v. King,* 570 S.W.2d 679, 687 (Mo. banc 1978). There are three components of a point relied on, (1) a concise statement of the challenged ruling; (2) the why of Rule 84.04(d), the rule of law which should have been applied by the trial court, and (3) the wherein of Rule 84.04(d), the evidentiary basis where the rule is applicable. *Missouri Highway & Transp. Comm'n v. Taylor,* 839 S.W.2d 676, 679 (Mo.App.1992).

Ms. Hayward, in her points relied on, seems contradictory: she asserts in points 1 and 3 that the trial court had the authority (jurisdiction) to make a determination and pronounce a judgment; and in point 2 she implies that the city would not have been able to show that the trial court had jurisdiction if the court had conducted a "preliminary hearing." Her point 4 is entirely unintelligible to this court.

■ Ms. Hayward's brief also fails to cite any authority remotely related to her points relied on in further violation of Rule 84.04(d). "Under Rule 84.04(d), an appellant's obligation includes citing appropriate and available precedent to support its contention." *Carlund Corp. v. Crown Center Redevelopment Corp.,* 910 S.W.2d 273, 278 (Mo.App. 1995). In the absence of authority or an explanation for its absence, the point is deemed abandoned. *Id.* Ms. Hayward does cite authority under her point relied on. The cases, rules and statutes cited by Ms. Hayward, however, shed no light upon her arguments. The brief completely fails to proceed in any sort of logical progression to establish that the trial court violated any rule of law.

Moreover, Ms. Hayward's arguments following the points relied on are confusing, to say the very least. For example, in point 4, Ms. Hayward recites the "Law of the Flag" and concludes that the trial court is a foreign power. As such, she reasons, she must be presented with a notice of the "Will of Intent" under the Uniform Commercial Code. She accuses the trial court, among other things, of a conspiracy to commit treason. There is no way to review this argument. There is no way to understand this argument. More importantly, there is no way that this argument relates to the proceedings in the trial court which are ostensibly the subject of this appeal.

### INVITED ERROR

■ In any event, our review of the record shows that Ms. Hayward is attempting to appeal an action taken by the trial court taken with her consent. An appellant may not rely on invited error on appeal. At trial, the following exchange was had:

THE COURT: All right. Okay. Now, do you want to step up and give me your side of this, ma'am, if that's what you want to do?

MS. HAYWARD: Sir, it is my belief that I'm not in a court of competent jurisdiction.

THE COURT: Do you want me to send it back to the court that it came from?

MS. HAYWARD: I would like for you to make a determination, and I will go to the appeals court.

THE COURT: What?

MS. HAYWARD: I would like for you to determination, and I will take it to the appeals court, sir.

THE COURT: I will send it back—If you think that I don't have jurisdiction, I will concur with you and send it back to the lower court, if that's what you want. Because that's the only thing I can do. You are the one who appealed it to this Court, you see. All right. Do you want me to send it back to the municipal court? Is that what you're asking me to do?

MS. HAYWARD: I suppose so.

THE COURT: All right. That's what I'll do.

■ Ms. Hayward did not object to the court's decision to remand the case. It has long been the rule that a defendant may not take advantage of error of his own making or error that is self-invited. *State v. Wise,* 879 S.W.2d 494, 519 (Mo. banc 1994). Ms. Hayward informed the court of her belief that she was not in a court of competent jurisdiction. She seemed to acquiesce in the court's offer to send the case back to municipal court. Ms. Hayward claims that she was "intimidated into agreeing to send the two cases, MA96–0219 and MA96–0220, back to municipal court." The record does not support this contention.

### CONCLUSION

Ms. Hayward's brief does not conform to Rule 84.04. The points raised by Ms. Hay-

ward are unreviewable by this court. The appeal is dismissed.