**ARROW FINANCIAL SERVICES, LLC, Respondent,**

v.

**Deborah COLLIER, Appellant.**

**No. ED 94005.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 26, 2010.

Mitchell B. Stoddard, St. Louis, MO, for Appellant.

William F. Whealen, Jr., Stephen J. Barber, St. Louis, MO, for Respondent.

ROY L. RICHTER, Chief Judge.

Deborah Collier ("Collier") appeals the trial court's decision in favor of Arrow Financial Services, LLC ("Arrow Financial") denying Collier's request for attorney's fees. We reverse and remand.

## I. BACKGROUND

Arrow Financial was an assignee on an indebted credit card account held by Collier. Arrow Financial filed suit to collect from Collier. Collier filed a counterclaim arguing that Arrow Financial had violated the Fair Debt Collection Practices Act ("FDCPA"). After Arrow Financial did not respond to several discovery requests, the trial court entered an order granting Collier's motion for sanctions and to strike Arrow Financial's pleadings. Collier also later filed a motion for attorneys' fees pursuant to Section 408.092 RSMo sup 2001.

A bench trial was held for Collier's counterclaim on September 29, 2009. At the end of Collier's evidence, the trial court asked Collier's trial counsel ("Counsel") if he had any further evidence. Counsel stated that he did not. However, midway through closing, Counsel realized that he had failed to put on evidence regarding attorneys' fees. Counsel's request to reopen the case to put on testimony concern-

ing attorneys' fees was denied by the trial court.

The trial court entered judgment on October 28, 2009 awarding the majority of the requested damages to Collier. However, the trial court denied Collier's request for attorneys' fees, stating that "there was no evidence presented" on the issue.

Collier's post trial motion for attorneys' fees or in the alternative to amend the judgment to award attorneys' fees was denied. Collier appeals.

## II. DISCUSSION

 We address Collier's second point first because we find it to be dispositive. In her second point on appeal, Collier argues that the trial court abused its discretion when it refused to allow Collier to reopen her case to admit evidence of attorneys' fees because the trial court had not made any substantive ruling and Arrow Financial would not have suffered detriment as a result of the motion being granted. We agree.

An appellate court reviews a trial court's decision not to reopen a case for abuse of discretion. *Forney v. Mo. Bridge and Concrete Inc.* 112 S.W.3d 471, 475 (Mo.App. W.D.2003).

> When there is no inconvenience to the Court or unfair advantage to one of the parties, there is an abuse of discretion and a new trial will be directed upon a refusal to reopen a case and permit the introduction of material evidence, that is evidence that would substantially affect the merits of the action and perhaps alter the Court's decision.

*Foster v. Village of Brownington,* 76 S.W.3d 281, 287 (Mo.App. W.D.2002).

Here, Collier's request to reopen evidence to present evidence of the attorneys' fees owed was made within minutes after the close of evidence. There would be no inconvenience to the Court to allow presentation of evidence of attorneys' fees and there would be no unfair advantage to Collier. Arrow Financial was prepared for a claim of attorneys' fees by Collier, as a motion requesting attorneys' fees was filed on August 5, 2009, nearly two months before the trial. Because there was no inconvenience to the court, nor any unfair advantage to Collier, we find that the trial court abused its discretion. Point granted.

Because we agree with Collier's second point on appeal, we need not address the other points raised. "Issues that are not essential to a disposition of the case should not be addressed." *O'Hare v. Permenter,* 113 S.W.3d 287, 289 (Mo.App. E.D.2003) (quoting *State v. Kinkead,* 983 S.W.2d 518, 520 (Mo. banc 1998)).

## III. CONCLUSION

The judgment of the trial court is reversed and remanded for the trial court to determine the amount of attorney fees to be awarded. Appellant's Motion for Award of Attorney's Fees on Appeal is granted in the amount of $2,500.00.

KENNETH M. ROMINES, J., and STEPHEN K. WILLCOX, Sp. J., concur.