# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 34713

MARK J. LIPONIS, individually and as trustee,

    Plaintiff-Respondent,

v.

JOHN N. BACH,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2010 Term

2010 Opinion No. 64

Filed: June 4, 2010

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Teton County. The Honorable Jon J. Shindurling and Ted V. Wood, District Judges.

The appeal is <u>dismissed</u>.

John N. Bach, Driggs, appellant pro se.

Smith & Banks, PLLC, Idaho Falls, for respondent.

_____

J. JONES, Justice.

John N. Bach appeals the district court's order granting Mark J. Liponis' Rule 60(b)(6) motion and vacating the orders and judgment entered in the case by Judge Shindurling on September 11, 2007. We affirm.

## I.

On February 14, 2001, Mark J. Liponis and Jack Lee McLean initiated an action (Teton County Case CV-01-33) against John N. Bach primarily seeking an accounting of a trust that was created when Liponis, McLean, and Bach formed a joint-venture to purchase respective one-third interests in a 33-acre parcel in Teton County, Idaho (the Drawknife Property).[1] On

---

[1] Specifically, Liponis alleged that Bach separately approached both Liponis and McLean about purchasing a one-third interest in the Drawknife Parcel. Bach represented that Liponis needed to provide $60,500 for his one-third interest, while Bach told McLean that he needed to provide $22,000 for his one-third interest. Accordingly, Bach,

1

September 20, 2001,[2] Bach filed an answer and asserted counterclaims for sanctions and for damages flowing from "violations of the R.I.C.O. Act 18 U.S.C. sec. 1962 et seq & 42 U.S.C. sections 1983, 1985(2), 1985(3), 1986 and 1988, etc."[3]

On July 2, 2007, more than six years after Liponis filed the original complaint, Bach moved for dismissal of the complaint for lack of diligent prosecution and for summary judgment on his counterclaims. In his summary judgment motion, Bach claimed for the first time that he was entitled to sole ownership of the Drawknife Property. Liponis did not respond, and on September 11, 2007, the district court entered a memorandum opinion and quiet-title judgment that, among other things, dismissed the case with prejudice, granted summary judgment in favor of Bach on all of his claims, and granted Bach sole ownership of the Drawknife Property. The district court's opinion and judgment were both signed by Judge Shindurling but were authored in their entirety by Bach.

On October 17, 2007, attorney Marvin M. Smith substituted into the case as attorney of record for Liponis. Liponis then filed (1) a motion for reconsideration of the district court's September 11, 2007, opinion and judgment, (2) a motion for sanctions against Bach, arguing that he improperly communicated with a represented party in violation of the Idaho Rules of Professional Conduct, and (3) an I.R.C.P. 60(b)(6) motion to set aside the opinion and judgment. Meanwhile, Judge Shindurling entered an order of self-disqualification because Marvin Smith was representing his adult daughter in an unrelated case. The case was then assigned to Judge Darren B. Simpson, but Bach exercised his right to disqualify Judge Simpson pursuant to I.R.C.P. 40(d)(1)(E). Judge Richard St. Clair was assigned the case, but he too entered an order

Liponis, and McLean entered into a joint-venture agreement to purchase the Drawknife Parcel and created the Liponis-Emporium Trust Account to manage the property. However, unbeknownst to both Liponis and McLean, the purchase price for the property was only $61,000. Liponis alleged that Bach did not contribute any money towards the purchase price, but nevertheless obtained a one-third interest in the property. Additionally, Liponis alleged that the excess funds above the $61,000 paid for the property were either made payable directly to Bach or deposited into the trust account and later withdrawn by Bach. Thus, Liponis' complaint asked for an accounting by Bach of all joint-venture affairs and for a judgment for any monies illegally obtained by Bach through his dealings pertaining to the Drawknife Parcel.

[2] Bach answered after a failed attempt to remove the case to federal court.

[3] On December 18, 2001, while this case was pending, Liponis' attorney, Alva Harris, filed a separate action against Bach, Teton County Case CV-02-265, on behalf of Jack Lee McLean and Wayne Dawson, which involved a different 40-acre parcel known as the "Peacock Property." Shortly thereafter, on July 23, 2002, Bach initiated his own suit, Teton County Case CV-02-208, against numerous defendants, including Liponis, seeking to quiet title to various properties in Teton County, including the Drawknife Parcel and Peacock Property. *Bach v. Bagley*, No. 31717, 2010 WL 937270, at *2 (Idaho Mar. 17, 2010). Liponis was ultimately dismissed from Teton County Case CV-02-208 because Bach failed to effect timely service of process upon him as required by I.R.C.P. 4(a)(2). *Id.* at *1 n.3.

2

of self-disqualification "for judicial convenience." Finally, the Idaho Supreme Court entered an order appointing Judge Ted V. Wood to the case. On May 23, 2008, Judge Wood entered an order granting Liponis' motion for sanctions against Bach for improperly communicating with a represented party in violation of the Idaho Rules of Professional Conduct. Just days after the adverse ruling, Bach filed a motion to disqualify Judge Wood for cause, arguing, among other things, that Judge Wood was complicit in some sort of conspiracy with Marvin Smith. Judge Wood denied the motion on June 9, 2008.

On June 20, 2008, Judge Wood denied Liponis' motion to reconsider on the basis that Liponis did not present any new evidence sufficient to justify a reconsideration of the district court's ruling. However, Judge Wood granted Liponis' Rule 60(b)(6) motion to vacate the memorandum opinion and quiet-title judgment on the basis that the opinion and judgment were "totally without a legal basis as to case 01-33 because Mr. Bach did not plead a cause of action for quiet title or permanent injunctive relief in his counterclaim in case 01-33. . . . And simply raising [the quiet title claim] as a matter in his final brief in support of the motion for summary judgment does not substitute for a properly pled claim for quiet title relief." Judge Wood went on to say that:

> in order to accomplish justice in this case and consistent with its inherent powers, this Court will exercise its discretion and grant plaintiff's motion under Rule 60(b)(6) and vacate the orders and judgment signed and entered by Judge Shindurling on September 11 of 2007 as to the issues of quiet title and permanent injunctive relief concerning, and only concerning, the 33-acre Drawknife Property in this case, 01-33.

The district court entered a substitute order granting Bach's motion for summary judgment and dismissing Liponis' complaint with prejudice without awarding any quiet-title or permanent injunctive relief in favor of Bach as to the 33-acre Drawknife Property. Bach then requested review by this Court.

## II.

Bach states the issues on appeal as follows:

> 1. Was Judge Wood without jurisdiction, his acts Void or in gross abuse of discretion and with prejudicial misconduct in unilaterally ruling on and issuing Order Denying Appellant's Motion to Disqualify for Cause, filed June 9, 2008?

3

2. Was Judge Wood without jurisdiction or in gross abuse of jurisdiction in granting Respondent's motion to Vacate Quiet Title Judgment Under Rule 60(b)(6)?

3. Was Judge Wood without jurisdiction or in gross abuse of discretion in unilaterally, without notice, etc., issuing and filing a Judgment, July 7 2008?

4. Was Judge Wood without jurisdiction or in gross abuse of discretion, or with prejudice, in granting Respondent's motion for sanctions against Appellant, per Rule 4.2?

These issue statements, filled with pseudo-legal hodgepodge and unintelligible verbiage, set the stage for Bach's arguments. "Because an appellate brief is a communication, the writer typically seeks to be understood, in order that the writer may persuade." *City of Kansas City, Inc. v. Hayward*, 954 S.W.2d 399, 401 (Mo. Ct. App. 1997). However, Bach "appears to believe the purpose of a brief is to be obscure and esoteric." *Id*. Accordingly, we will not consider Bach's claims on appeal because he has failed to support them with either relevant argument and authority or coherent thought. As we recently held in another matter involving Bach:

> We will not consider an issue not "supported by argument and authority in the opening brief." *Jorgensen v. Coppedge,* 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. *Inama v. Boise County ex rel. Bd. of Comm'rs,* 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).
>
> Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Randall v. Ganz,* 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *Michael v. Zehm,* 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. *Suits v. Idaho Bd. of Prof'l Discipline,* 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. *Suitts v. Nix,* 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

4

> In *Michael,* the Court refused to consider two assignments of error that were "in general terms and [did] not in any respect point out wherein any of the findings or the judgment are erroneous, contrary to law, or not supported by the evidence." 74 Idaho at 445, 263 P.2d at 993. The Court also found fault with the fact that "[t]he brief contain[ed] neither citation of authority nor argument in support of" either assignment of error. *Id.* Similarly, in *Suitts,* the appellant set forth eleven assignments of error, along with a blanket statement that time constraints did not allow her to formulate argument supporting them. 141 Idaho at 708, 117 P.3d at 122. We refused to consider the arguments unsupported by authority, even when authority was later presented in the reply brief. *Id.*

*Bach v. Bagley,* No. 31717, 2010 WL 937270, at \*4–5 (Idaho Mar. 17, 2010). In this case, Bach similarly lists four issues on appeal, along with the blanket statement that he incorporates all argument and authority cited for each issue to every other issue because of the unique and overlapping nature of this case. Bach fails to cite any pertinent authority remotely related to his issues on appeal and completely fails to proceed in any logical manner to establish that the district court committed any error. "Because of Bach's convoluted briefing, it is not easy to follow his arguments or to discern how they might be legally supported." *Id*. at \*5. Therefore, because Bach's arguments are "so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument," this Court will not consider them on appeal. *Id*.

### III.

For the foregoing reasons, the appeal is dismissed. Costs on appeal are awarded to Liponis.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.