# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38647

| | | |
|---|---|---|
| GMAC, | ) | 2011 Unpublished Opinion No. 707 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 17, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CINDY LEE BACH (DECEASED), an | ) | THIS IS AN UNPUBLISHED |
| individual, and JOHN NICHOLAS BACH, | ) | OPINION AND SHALL NOT |
| an individual, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Teton County. Hon. Gregory W. Moeller, District Judge.

Summary judgment in favor of creditor in claim and delivery action, <u>affirmed</u>.

John Nicholas Bach, Driggs, pro se appellant.

Ringert Law, Chtd.; Laura E. Burri, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

This is an appeal from a summary judgment granted by the district court to the creditor, GMAC, in an action to obtain possession of a vehicle following default of the purchase price by the purchaser, Cindy Lee Bach. We affirm.

## I.

## STANDARD OF REVIEW

When reviewing a motion for summary judgment, this Court uses the same standard employed by the trial court when deciding such a motion. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010); *Kolln v. Saint Luke's Reg'l Med. Ctr.*, 130 Idaho 323, 327, 940 P.2d 1142, 1146 (1997). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Idaho Rule of Civil Procedure 56(c). Disputed facts should be

1

construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. The appellate court exercises free review over questions of law. *Vavold v. State*, 148 Idaho 44, 45, 218 P.3d 388, 389 (2009).

## II.

## BACKGROUND

The following facts and reasonable inferences therefrom appear from the pleadings in this case. Cindy Lee Bach purchased a 2007 Chevrolet Equinox from Ressler Motor Company of Bozeman, Montana, on January 6, 2007, for $24,047, payable at the rate of $498 in sixty monthly installments. GMAC provided the financing. A lien on the vehicle was recorded in Idaho on January 17, 2007, showing GMAC as the lienholder. The monthly payments were made until November 2008. Cindy Lee Bach passed away and a "Decree of Summary Administration" was entered in the magistrate division of the district court for Teton County, Idaho, on December 1, 2008. The decree distributed the vehicle to John Bach, surviving spouse of Cindy Lee Bach. The decree further provided that John Bach assume and be responsible for all indebtedness which might be a claim against the Estate of Cindy Lee Bach.

In April 2009, GMAC filed this action for possession of the vehicle, under Title 8, Chapter 3 of the Idaho Code, seeking an order to have the vehicle sold in a commercially reasonable manner in accordance with Article 9, Chapter 5 of the Idaho Uniform Commercial Code. By verified complaint, GMAC alleged that the financed payments for the vehicle had not been made since December 2008, and that John Bach was in possession of the vehicle which was located in Teton County, Idaho, but he refused to make the payments. Bach filed responsive motions challenging service of process and raising jurisdiction questions. After a hearing, the district court denied Bach's motions on the grounds that service of process was proper and that the district court had both *in rem* and *in personam* jurisdiction. Bach filed an answer and asserted a counterclaim. GMAC filed a motion for summary judgment and for dismissal of Bach's counterclaim. The district granted both requests after a hearing. Bach filed a motion for reconsideration, which the district court denied after a hearing, issuing an amended decision again granting the summary judgment and dismissing the counterclaim. A final judgment was entered providing for the issuance of a writ of possession. Bach has appealed from the final judgment entered by the district court.

2

## III.

## ISSUES

Bach states four issues in his opening brief. None of the issues address whether there is any genuine issue of material fact that would preclude the entry of a summary judgment.[1] As worded by Bach, the issues on appeal are:

(1) Was there any contract or agreement forum clause that required jurisdiction and venue to be in Montana?

(2) Was plaintiff's complaint for claim and delivery properly verified to be used for purposes of summary judgment?

(3) Was the district court judge authorized by summary judgment rules to personally and without notice and a properly held due process hearing, to give his hearsay expert testimony which he used and applied in granting summary judgment?

(4) Did GMAC, mislead, abuse the processes of the district court and fail to state a cause of action requiring the district court to grant appellant a favorable judgment on the pleadings?

In its responsive brief, GMAC has requested an award for its attorney fees on appeal pursuant to a provision in the financing contract and also pursuant to Idaho Code §§ 12-120(1), 12-120(3), and 12-121.

## IV.

## DISCUSSION

### A.    Forum Question

After he was served with the complaint in this case, Bach asserted several challenges to the district court's jurisdiction. The district court determined that it had jurisdiction over the subject matter of the action because it was a claim for possession of the Chevrolet Equinox and both the vehicle and the purported owner, John Bach, were residing in or were located in Teton County, Idaho, to satisfy *in rem* and *in personam* requirements. Bach also argued that the action

---

[1]    The appellate briefs filed by Bach largely suffer from incomprehensible "pseudo-legal hodgepodge and unintelligible verbiage" similar to that observed by the Idaho Supreme Court with regard to Bach's briefs in *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010) and *Bach v. Bagley*, 148 Idaho 784, 229 P.3d 1146 (2010). In the *Bagley* case, the Court said: "Because of Bach's convoluted briefing, it is not easy to follow his arguments or to discern how they might be legally supported." *Bagley*, 148 Idaho at 791, 229 P.3d at 1153. Because Bach's arguments were "so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument," *id.*, the Court in *Liponis* refused to consider the arguments on appeal. *Liponis*, 149 Idaho at 375, 234 P.3d at 699.

involving the vehicle should have been brought in Montana, since the sales transaction occurred there, and because a clause in the contract specified that: "Federal law and Montana law apply to this contract." The district court held that although federal law and Montana law may apply to substantive issues related to the contract, they did not control the procedural rules relating to service of process and jurisdiction of the courts in Idaho. Moreover, the clause does not mandate venue in Montana. The district court relied on the provisions of Idaho Code § 1-705 that grant original jurisdiction to the district court in "all cases and proceedings." The court determined that there is nothing unusual or extraordinary about the action of GMAC to repossess a vehicle. We agree that the district court's jurisdiction was properly established and the district court correctly denied Bach's assertion to the contrary.

We would further note that at no time did Bach assert there was any provision in the contract that was in need of interpretation or was ambiguous and would require resort to Montana law for resolution. He did not otherwise seek the application of any provision of Montana law to this case. He simply claimed that GMAC should have brought the action in Montana. We conclude that Bach's claim that the district court lacked jurisdiction to decide this case is without merit.[2]

## B.    Verification Question

Bach challenged the verification to GMAC's complaint. According to the district court's memorandum decision addressing the issue, Bach argued that the complaint was invalid because GMAC's complaint was verified by an Arizona notary and signed by a company representative who, according to Bach, is "a wholly unknown and unqualified, nor authenticated person in the state of Idaho." He further suggested, without supporting authority, that a verification made outside of Idaho invalidates the complaint. The district court rejected Bach's challenge, finding that Bach had failed to produce any evidence establishing that the party verifying the complaint was legally incompetent to do so. The district court noted that Bach could pursue the issue

---

[2]    In its brief, GMAC points out that the complaint in this action was for recovery of a vehicle in Idaho. This was an *in rem* action under Idaho Code § 8-301 to recover possession of the vehicle after payments became in default. By the very nature of the type of action involved, the suit was required to be filed in the state where the vehicle was located. If the suit had been filed in Montana, GMAC would be unable to obtain possession of the vehicle located in Idaho with a Montana writ of possession. The suit necessarily had to be filed in the forum where the vehicle was located; *i.e.*, in the state of Idaho.

further through discovery and present additional information to the district court at a later date, if necessary and justified.[3]

In its analysis of the question, the district court applied Idaho Rule of Civil Procedure 11(c), which provides that a verification:

> shall be a written statement or declaration by a party or the party's attorney of record sworn to or affirmed before an officer authorized to take depositions by Rule 28, that the affiant believes the facts stated to be true, unless a verification upon personal knowledge is required. When a corporation is a party, the verification may be made by an officer thereof.

The verification in question is signed by one Kathleen FitzGerald, who after first being duly sworn on oath, stated that "I am an employee of Semperian, Inc., agent for General Motors Acceptance Corporation and am actively engaged in the operation of said corporation and ha[ve] personal knowledge of the facts contained herein; [t]hat I have read the within and foregoing complaint, know[] the contents thereof and believe[] the facts therein stated to be true and correct and make[] this verification this date on behalf of the corporation." The verification signature is dated two days before counsel for GMAC signed and filed the complaint.[4]

The verification signed by Ms. FitzGerald as an employee of an agent of GMAC[5] recites that it was executed before a notary public for the state of Arizona residing in Maricopa County, Arizona. As noted above, I.R.C.P. 11(c) does not require that a verification be notarized only by an Idaho notary public. The rule refers to Rule 28, which provides that depositions shall be taken before a person authorized by the state of Idaho, by the United States, or of the place where the examination is held, within or without the state of Idaho. Therefore a notary public for the state of Arizona may properly notarize a verification to be used in a court in Idaho.

---

[3] On appeal, Bach continues to make the same argument and also raises other questions about the validity of the verification but evidently never did pursue the discovery route suggested by the district court.

[4] Contrary to one of Bach's arguments, we find no requirement that the date of the verification must be the same or a subsequent day as that of the attorney's signature or the same date as the filing stamp on the clerk's office record.

[5] Bach's assertion that the agent of plaintiff GMAC, Semperian, Inc., was not registered to do business in Idaho is of no legal significance.

5

Having reviewed the record, we concur with the district court that Bach failed to establish any invalidity with regard to the verification of the complaint. The complaint was properly verified and the district court correctly denied Bach's challenge to the validity of the complaint.

## C. District Judge

Bach next asserts a convoluted position concerning whether he was denied fair treatment by the district court. He argues that the district court committed error by inserting personal comments into one of its decisions in this case that indicated a bias on the court's part. Although it is unclear from the briefing, we agree with the respondent that it appears that Bach raised this issue on the basis of the district court's comments taking judicial notice that it is dangerous to drive in certain places in Idaho during the winter, including Teton County. When Bach challenged the district court's opinion about weather conditions, and argued that weather conditions in Teton County were not in issue, the court issued an amended memorandum decision and removed the statement concerning weather conditions from the amended order granting summary judgment.

On appeal, Bach argues that the district court's observation about the weather was made in the context of dismissing Bach's counterclaim which asserted that the Chevrolet automobile was defective and unsafe to drive in the winter in Teton County. Bach argues that the district court's opinion about the weather conditions was hearsay, was improper for the subject of judicial notice, and was an effort by the court to interject itself into the case as an expert witness,[6] thereby demonstrating that the court was biased against Bach when it dismissed his counterclaim.

We are not persuaded by Bach's argument. He has not established that the district court was biased, acted improperly, or denied due process to him.

## D. GMAC Conduct

As his final issue, Bach contends that GMAC misled the district court and abused process by bringing this action. However, there is nothing in the record that substantiates this assertion. GMAC filed the action to obtain possession of a vehicle in default of financial obligations. The contract debtor, Cindy Lee Bach, was deceased. The action included as a defendant the person

---

[6]     To the extent Bach asserts that the district court assumed the role of expert witness when it applied the law to the facts, including the significance of legal documents, Bach's claim is simply incorrect.

6

in possession of the vehicle in Idaho, John Bach. To establish a right to summary judgment, GMAC produced a copy of the financing contract, affidavits declaring the amount of the outstanding debt, GMAC's recorded lien for the vehicle, and the "Decree of Summary Administration" in the Cindy Lee Bach estate that awarded the vehicle to John Bach and ordered that he assume and be responsible for the indebtedness on the vehicle. The record supports the award of summary judgment by the district court allowing GMAC to repossess and dispose of the automobile. Contrary to Bach's argument, there is no evidence of any misleading or abusive actions on the part of GMAC in this case.

**E.      Award of Attorney Fees to Respondent**

GMAC has requested an award of attorney fees for this appeal, asserting four grounds or bases for such an award. First, GMAC relies upon the provision in the financing contract by which the vehicle was purchased. The contract provides: "If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs the law permits." Next, GMAC seeks the award under Idaho Code § 12-120(1), which allows for an award of attorney fees where the amount pleaded is $25,000 or less. (The complaint in this case alleged that the indebtedness owing on the vehicle was the sum of $17,059.18 plus prejudgment interest at the rate of $4.16 per day from and after March 30, 2009.) GMAC also requests the award of attorney fees under Idaho Code § 12-120(3), which provides for an award of fees to the prevailing party on a contract relating to the sale of goods. Finally, GMAC asks for the award under Idaho Code § 12-121, which allows for an award to the prevailing party in the court's discretion.

Because we uphold the judgment of the district court in this case, GMAC is the prevailing party. Therefore, we will award attorney fees to GMAC under the financing contract, and under the statutory grounds claimed by GMAC. In particular, to paraphrase a prior decision of this Court:

> Such an award will be made under I.C. § 12–121 if we are left with the abiding belief that the appeal was brought or pursued unreasonably, frivolously or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We believe this appeal falls within the *Minich* standard. The agreement relied on by [GMAC] is clear and unambiguous. We have not been confronted with a choice between reasonable inferences. The law governing the case is well settled. Finally, there has been no cogent argument that the district court, in granting summary judgment, misapplied the law to the uncontroverted facts.

7

Therefore, we award attorney fees on appeal to [GMAC] in an amount to be determined as provided in I.A.R. 41(d).

*Laight v. Idaho First Nat'l Bank*, 108 Idaho 211, 215, 697 P.2d 1225, 1229 (Ct. App. 1985).

## V.

## CONCLUSION

The judgment is affirmed. Attorney fees on appeal, together with costs, are awarded to the respondent, GMAC.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**