**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43327**

| | | |
|---|---|---|
| MICHAEL T. HAYES, | ) | 2016 Opinion No. 68 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TOM KESSLER and MELODEE | ) | |
| ARMFIELD, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order granting summary judgment in favor of defendants, <u>affirmed</u>.

Michael T. Hayes, Boise, pro se appellant.

Naylor and Hales, P.C.; Jacob H. Naylor, Boise, for respondents.

---

GUTIERREZ, Judge

Michael T. Hayes appeals from the district court's order granting summary judgment on his 42 United States Code § 1983 claim in favor of Tom Kessler and Melodee Armfield. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hayes is an inmate in the custody of the Idaho Department of Correction (IDOC). On October 23, 2013, Hayes brought a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging multiple violations of his constitutional rights.

Hayes' original complaint named the following defendants: Corrections Corporation of America, Idaho Correctional Center, Tim Wengler, Dan Melody, Tom Kessler, Flemming Green, Melodee Armfield, and Shane Jepsen. However, Hayes served his complaint on only the Idaho Correctional Center, Kessler, and Armfield. Counsel for the served defendants moved to dismiss

1

Hayes' claims against the unserved parties and filed a motion to dismiss Hayes' claims against the Idaho Correctional Center on the basis that a prison is not a "person" for purposes of a § 1983 action. Hayes responded to the motion to dismiss and also filed a motion to amend his complaint. The district court denied Hayes' motion to amend, as the served defendants had already filed a responsive pleading. The district court granted the motion to dismiss the unserved parties as well as the Idaho Correctional Center.

The remaining defendants, Kessler and Armfield (Respondents), then filed a motion for summary judgment on the outstanding claims. In support of their motion for summary judgment, Respondents filed sworn declarations from Kessler, Armfield, and an Idaho Correctional Center dentist who treated Hayes. Hayes responded to the motion for summary judgment, but included no sworn statements or other supporting evidence with his response. The district court construed the remaining claims to include Hayes' contention that his constitutional rights were infringed upon when prison employees refused to provide him with a dental pick, made threatening and disparaging remarks toward him, and followed unconstitutional disciplinary procedures. The district court found that Hayes had failed to establish that he had suffered a constitutional violation as to those claims against Respondents. The district court granted Respondents' motion for summary judgment. Hayes timely appeals.

## II.

## ANALYSIS

Hayes presents nine issues on appeal: (1) the district court should have allowed discovery; (2) the complaint stated multiple claims upon which relief could be granted; (3) the pleadings stated genuine issues of disputed material facts; (4) Hayes had arguable and nonfrivolous claims to pursue; (5) the district court's findings of fact were not supported by any reasonable interpretation of the case evidence; (6) the district court's conclusions of law were not in compliance with federal and state law; (7) the district court should have allowed Hayes to amend his complaint; (8) the district court erred in deciding questions of material fact in favor of Respondents; and (9) the district court erred in granting summary judgment in favor of Respondents.

As a preliminary matter, this Court does not consider an issue that is not "supported by argument and authority in the opening brief." Idaho Appellate Rule 35(a)(6); *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008). Regardless of whether an issue is

2

explicitly set forth in the party's brief as one of the issues on appeal, if an issue is only mentioned in passing and not supported by cogent argument or authority, it cannot be considered by this Court. *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010). Although Hayes lists his first and seventh claims as issues, they are neither argued nor supported by authority in his briefing. Accordingly, we do not address Hayes' first and seventh claims of error.

The remaining issues all boil down to the same basic inquiry--whether the district court erred in granting summary judgment in favor of Respondents. We exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Idaho Rule of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000).

Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The claims at issue in this appeal have all been brought pursuant to 42 U.S.C. § 1983. There are two threshold requirements for a § 1983 claim: (1) a person must act under color of state law when committing the challenged act; and (2) the claimant must establish that the

conduct deprived the claimant of a constitutionally protected right, privilege or immunity. *Dana, Larson, Roubal & Assoc. v. Bd. of Comm'rs of Canyon Cty.*, 124 Idaho 794, 798, 864 P.2d 632, 636 (Ct. App. 1993). It is undisputed that Respondents were acting under color of state law when performing the acts of which Hayes complains. However, Hayes disputes the district court's finding that Hayes did not plead sufficient facts or provide sufficient evidence to establish that Respondents' conduct deprived Hayes of constitutionally protected rights. We address these purported constitutional violations in turn.

## A.      Dental Pick

Hayes' first relevant claim is that his constitutional rights were violated when he was denied his request for a dental pick. In July 2011, while housed in administrative segregation, Hayes requested a dental pick from Sergeant Green to dislodge some food trapped between Hayes' teeth. Sergeant Green denied this request because dental picks were not allowed in the segregation housing unit pursuant to IDOC policies. Hayes filed an official grievance regarding Sergeant Green's refusal, which was denied. Hayes then contested the Level One response to his grievance, which Kessler reviewed. Kessler concurred with the Level One denial of Hayes' grievance.

In his § 1983 complaint, Hayes alleged that Kessler conspired with other officials to deprive Hayes of a needed hygiene item which led to the formation of a severe gum infection that required antibiotic treatment. He argued that this denial violated his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* The Eighth Amendment protects a detainee not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health. *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993).

Thus, to survive summary judgment under either theory, Hayes was required to show that Kessler acted with deliberate indifference to Hayes' health. *See Hudson v. McMillian*, 503 U.S. 1, 5, (1992); *Hayes v. Conway*, 144 Idaho 503, 507, 163 P.3d 1215, 1219 (Ct. App. 2007). A determination of deliberate indifference involves an examination of two elements: the

4

seriousness of the prisoner's medical need and the nature of the prison's response to that need. *Hayes*, 144 Idaho at 507, 163 P.3d at 1219. It is undisputed that Hayes' periodontal disease is a serious medical condition and one that he has been suffering from since at least 2005. Thus, the key inquiry is whether Kessler's response to Hayes' grievance amounted to deliberate indifference to Hayes' periodontal disease.

To show a prison official was deliberately indifferent, the inmate must show that the prison official knew that the inmate faced a substantial risk of serious harm, and the prison official disregarded that risk by failing to take reasonable measures to abate it. *Brennan*, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Although an inmate is not constitutionally guaranteed the exact treatment he or she demands, an official's failure to respond to a known medical problem can constitute deliberate indifference. *Hayes*, 144 Idaho at 507, 163 P.3d at 1219.

Hayes' allegations with regard to Kessler's conduct are insufficient to establish the requisite element that Kessler acted with deliberate indifference in failing to attend to Hayes' medical condition. In his original complaint, Hayes stated that Kessler "conspired with" prison officials to deny Hayes medical care. This bare assertion is insufficient to support a claim of conspiracy. *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (7th Cir. 2010) ("A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an understanding' to violate the plaintiff's constitutional rights." (quoting *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.*, 956 F.2d 1112, 1122 (11th Cir.1992)). Hayes' complaint contains no allegations of an agreement and, even if the court construed all claims in the light most favorable to Hayes, his conspiracy claim would still fail.

Also in his complaint, Hayes stated that Kessler "condoned" the actions of other prison officials in denying Hayes the dental pick. For this claim to succeed, Hayes must show that Kessler knew that Hayes faced a substantial risk of harm from being denied a dental pick and that Kessler disregarded that risk by failing to take reasonable measures to abate it. Hayes' allegations are insufficient to establish the requisite element of deliberate indifference.

First, Hayes provides no support for his bare assertion that the general act of denying inmates dental picks creates a substantial risk of harm. Courts have previously found a prolonged denial of a toothbrush or toothpaste can create a substantial risk of harm, but have

never extended the possibility of harm to the denial of dental floss or dental picks. *See, e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Board v. Farnham*, 394 F.3d 469, 478-79 (7th Cir. 2005). Moreover, Hayes makes no assertion that Kessler knew that Hayes faced a substantial risk of harm due to the condition of his dental health specifically. There is no evidence that Kessler was aware of Hayes' history of periodontal disease or that Hayes' dental health could be compromised by being denied of a dental pick. Conversely, evidence was provided by Respondents contradicting the utility of a dental pick as related to Hayes' gum infection. The dentist who cleaned Hayes' teeth on July 28, 2011, provided a sworn affidavit in which he opined, "Hayes' condition on July 28, 2011, was a result of years of periodontal disease and poor dental health and not the result of the lack of a dental pick for 39 days . . . even if Hayes had a dental pick during this time frame, he would have still suffered from periodontal disease."[1]

Hayes has failed to provide sufficient evidence to establish the necessary elements for a successful claim of a constitutional violation under the Eighth Amendment. Therefore, the district court did not err in granting summary judgment on this claim to Respondents.

**B.     Threats and Disparaging Remarks**

Hayes' second relevant claim is that his constitutional rights were violated when Sergeant Green made threatening and disparaging remarks to Hayes. In August 2011, Hayes filed a grievance form alleging that Sergeant Green threatened Hayes at his cell door. He specifically alleged that Sergeant Green threatened to punch Hayes in the face if he continued to "smart off" to Sergeant Green. After Hayes' initial grievance was denied, he appealed. Kessler reviewed the Level One response, concurring in the initial denial. In his § 1983 complaint, Hayes alleged that Kessler was involved in covering up Sergeant Green's "illegal and unconstitutional behavior."

Generally, threats and disparaging remarks do not rise to the level of a § 1983 claim. *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). For a threat to constitute an

---

[1]     As Hayes has failed to request the inclusion of the sworn affidavits that accompanied the Respondents' motion for summary judgment, we accept the dentist's statement as written by the district court in its order granting Respondents' motion. It is the responsibility of the appellant to provide an adequate record to support his or her claims on appeal, and in the absence of an adequate record, we will not presume error. *Belk v. Martin*, 136 Idaho 652, 660, 39 P.3d 592, 600 (2001).

actionable constitutional violation, it must be so brutal or wantonly cruel as to "shock the conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). The measure of what is conscience-shocking is guided by traditional ideas of fair play and decency. *See id.* By themselves, threats are typically insufficient to "shock the conscience." *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (finding no violation where guard made disrespectful and assaultive comments); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378-79 (8th Cir. 1992) (holding that racial slurs and threats to physically harm arrestee insufficient to constitute constitutional claim under § 1983). *But see Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986) (finding that threat, combined with conduct, shocked the conscience where prison officer cocked trigger and aimed gun at prisoner while instructing him to run so he could justify shooting him).

Even when viewed in a light most favorable to Hayes, the alleged threats made by Sergeant Green, although inappropriate, do not rise to the level of a constitutional violation. Thus, Kessler could not have acted to cover up a nonexistent constitutional violation. Hayes has failed to show a constitutional violation on this claim. Thus, the district court did not err in granting summary judgment to Respondents on this claim.

## C.     Disciplinary Procedures

Hayes' final relevant claim is that his constitutional rights were violated when Armfield found Hayes guilty after holding a disciplinary proceeding against him in reference to a "false" Disciplinary Offense Report (DOR) without affording Hayes certain due process rights. The DOR at issue was filed by Sergeant Green on July 13, 2011. In Hayes' § 1983 complaint, he specifically alleged that he was not given notice of the hearing date, was not allowed to read his statement into the record, and was not allowed to get witness statements. He further alleged that he was placed into administrative segregation as a result of this proceeding. He argued that this constituted an unconstitutional denial of his Fourteenth Amendment right to due process.

To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, a court must first determine if the individual had a protected liberty or property interest. *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996). It is well established that in determining if a prisoner has a protected liberty interest, the court looks to whether the restriction imposed constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Schevers*, 129 Idaho at 576, 930 P.2d at 606; *Briggs v. Kempf*, 146 Idaho 172, 175, 191

7

P.3d 250, 253 (Ct. App. 2008). In other words, the court looks at whether the restrictions constitute a dramatic departure from the basic conditions of prison life. *Briggs*, 146 Idaho at 175, 191 P.3d at 253.

Here, in support of their motion for summary judgment, Respondents submitted the sworn affidavit of Armfield, who presided over Hayes' disciplinary proceeding on this DOR. Armfield attested, "After considering the evidence at the hearing, I confirmed Hayes' DOR . . . I did not impose any discipline on Hayes for this DOR." Respondents maintain that because Hayes was not punished for this disciplinary violation, there was no implication of a liberty interest to invoke protections of the Fourteenth Amendment.

With the presentation of this evidence in support of their motion for summary judgment, the burden then shifted to Hayes to show, via further depositions, discovery responses or affidavits, that there was indeed a genuine issue for trial. In his response to Respondents' summary judgment motion, Hayes provided only additional unsworn declarations that he was placed in administrative segregation for "1362 days as a direct result of the DOR."[2] The unsworn allegations by Hayes are insufficient to rebut the sworn affidavits from Respondents. Based on the admissible evidence before the district court, Hayes failed to show that he had a protected liberty interest sufficient to implicate Fourteenth Amendment due process protections. Thus, the district court did not err in granting summary judgment to Respondents on this claim.

### III.
### CONCLUSION

The evidence before the district court revealed that there were no genuine issues as to any material facts regarding Hayes' claims of constitutional violations. The district court did not err in granting Respondents' motion for summary judgment. Therefore, we affirm the order of the district court. Costs to Respondents.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

---

[2]    Hayes' responsive brief to Respondents' summary judgment motion is not part of the record on appeal, thus we accept the district court's representation of its contents. *See Belk,* 136 Idaho at 660, 39 P.3d at 600.