IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 45506

| | | |
|---|---|---|
| **In the Matter of JOHN DOE II, A Child Under Eighteen (18) Years of Age.** | ) ) ) | |
| **JOHN DOE I and JANE DOE,** | ) ) | **2018 Unpublished Opinion No. 410** |
| Petitioners-Respondents, | ) ) | Filed: April 3, 2018 |
| **v.** | ) ) | **Karel A. Lehrman, Clerk** |
| **JOHN DOE (2017-39),** | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT** |
| Respondent-Appellant. | ) ) | **BE CITED AS AUTHORITY** |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Casey U. Robinson, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Jeremy L. Pittard, Burley, for appellant.

Joseph R. Rockstahl, Twin Falls, for respondent.

_____

LORELLO, Judge

John Doe (2017-39) appeals from a judgment terminating his parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child of John was born in 2006. In 2007, John was sentenced to a unified term of thirty years, with a minimum period of confinement of ten years, for battery on certain personnel with a persistent violator enhancement. Jane Doe is the child's maternal aunt and is married to John Doe I. They have been taking care of the child since he was approximately two years old. In 2015, John Doe I and Jane Doe filed a petition pursuant to I.C. § 16-2005 to

1

terminate John's parental rights. The Does sought termination on the sole ground that John had been incarcerated and was likely to remain incarcerated for a substantial period of time during the child's minority. I.C. § 16-2005(1)(e). Following the termination proceeding, the magistrate found that John was incarcerated and had been for the majority of the child's life and is likely to remain incarcerated for a substantial period of time. The magistrate terminated John's parental rights after finding that he would be incarcerated until his current full-term release date of 2036 and that termination is in the best interests of the child. John appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported

2

by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

### A.     Termination Based on Incarceration and Best Interests of the Child

John contends that the magistrate erred by finding John had been incarcerated and is likely to remain incarcerated for a substantial period of time during his child's minority and that termination of his parental rights is in the best interests of the child. Idaho Code Section 16-2005(1) allows the court to grant an order terminating the parental relationship where it finds that termination of parental rights is in the best interests of the child and one or more of the listed conditions exist. One of the conditions under which the parental rights may be terminated is when "the parent has been incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority." I.C. § 16-2005(1)(e). Under this provision, the court must consider the expected duration of future incarceration when determining the likely period of time the parent will remain incarcerated. *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 602, 389 Idaho 141, 147 (2016). There is no bright-line rule to determine what constitutes a substantial period of a child's minority. *Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 605, 610, 261 P.3d 882, 887 (Ct. App. 2011). Rather, whether a

3

period of incarceration is for a substantial period of the child's minority is determined on a case-by-case basis, applying a definition of "substantial" meaning important, essential, or considerable in quantity. *Id.* In this analysis, the court may consider numerous factors including, but not limited to: the probability that the parent will be paroled; the probable length of the parent's incarceration; the probable length of time after release before the parent would regain custody of the child; and the age of the child, including particularly whether he or she is in the formative younger years. *Id.*

John argues that the magistrate erred when it terminated his parental rights under I.C. § 16-2005(1)(e). Specifically, John contends that the magistrate's finding that John is likely to remain incarcerated for a substantial period of the child's minority was not supported by substantial and competent evidence because John believes there is a strong likelihood he will be paroled prior to his 2036 full-term release date. John also argues that the magistrate applied an erroneous legal standard when it focused on John's past incarceration rather than focusing on the expected duration of future incarceration. There was substantial and competent evidence to support the magistrate's findings.

The child was born in 2006. In 2007, John was sentenced to a thirty-year term of incarceration, with a minimum period of confinement of ten years, and he remained incarcerated at the time of the termination hearing in 2017. Thus, at the time of the hearing, John had been incarcerated for most of the child's life. Although 2017 was ten years from the imposition of John's sentence (indicating John was parole eligible), the evidence showed that John was denied parole in April 2017, and his current full-term release date is November 23, 2036, at which time the child will be an adult in his thirties. The only option John has to get paroled prior to his full-term release date is through a self-initiated parole hearing, which John could initiate six months after the April 2017 hearing. However, John could not request a parole hearing until he was released from administrative segregation where he was housed from January 2017 to October 2017. The parole commission could then either grant or deny John a parole hearing. The magistrate found, based on the evidence, that parole was speculative. While John asserts that the magistrate's finding is not supported by substantial and competent evidence, he does not challenge any of the factual findings underlying the magistrate's decision. Instead, John contends the magistrate failed to recognize there is a "strong probability" that he will be paroled

4

"in the next year or two." However, John fails to cite to any evidence in his "Argument" section to support this assertion. To the extent John is relying on his "Statement of Facts" to support his argument, this Court is left to speculate what those facts are. This Court will not search the record on appeal for error. *Liponis v. Bach*, 149 Idaho 372, 375, 234 P.3d 696, 699 (2010). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the appellate rules, it is deemed to be waived. *Id.*

Even if this Court considers Doe's "Statement of Facts," the facts do not undermine the magistrate's conclusion that John's prospects of parole are speculative. The "facts" John includes in his brief show that he was eligible to be released from administrative segregation on October 26, 2017; he would be able to enter programming upon approval of the parole board; he had no disciplinary offense reports since January 2017; and although he had several "negative interactions with different staff members at the correctional facility," it is "possible" he can get a second parole hearing within one year of his first parole hearing. That parole may one day be possible for John does not show that the magistrate's determination was not based on substantial and competent evidence. Given the speculative nature of John's parole, the probable length of John's incarceration in light of his full-term release date, denial of parole and behavior while incarcerated, and the age of the child, the magistrate did not err in finding that John was likely to remain incarcerated for a substantial period of time during the child's minority.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). A trial court may consider numerous factors in determining whether termination is in the best interests of the child. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). For instance, the trial court may consider the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 157 Idaho 765, 772, 339 P.3d 1169, 1176 (2014). Further, in cases where the parent is incarcerated, we will consider the nature and circumstances of the offense that led to incarceration, prior charged or uncharged criminal behavior while in the home, previous incarcerations and rehabilitations, the impact

5

incarceration has had on the child's well-being, and the quality of contacts or efforts made by the parent to keep a meaningful relationship with the child. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 797, 803, 275 P.3d 23, 29 (Ct. App. 2012). Even where the love and affection of the parent to the child is not in question, a magistrate may give other factors in the case of an incarcerated parent greater weight in determining what is in the best interests of the child, as a child needs more than bare parental affection. *See Doe*, 143 Idaho at 389, 146 P.3d at 655. The best interests analysis takes into account that children need stability and certainty. *Doe*, 157 Idaho at 772, 339 P.3d at 1176.

The magistrate found that it is in the best interests of the child to terminate John's parental rights because John has never been a resource for the child and will never be a resource before or after the child's eighteenth birthday. Rather, the Does have provided everything for the child, and the child is doing well with the Does who have cared for the child since he was approximately two years old. The magistrate also found that John had no relationship with the child although John sent the child a letter, cards, and at least two presents.[1] Because John has been incarcerated for the majority of the child's life, he has not had employment outside the prison setting, and there is no evidence that John made financial contributions towards the child's care.

John does not challenge any of the foregoing factual findings relating to the child's best interests. John claims instead that, although he does not have a strong relationship with the child, his efforts to establish a relationship with the child have been thwarted by the Does. As John notes, the philosophy of the Termination of Parent and Child Relationship Act is to strengthen and preserve family life. I.C. § 16-2001(2). But, contrary to John's argument, that philosophy is not undermined by the magistrate's termination decision. The magistrate's best interests analysis properly focused on preserving the family life the Does established for the

---

[1]     In its conclusions of law, the magistrate stated that John sent the child a "letter approximately 7 or 8 years ago," and "did not send any after that." However, the magistrate's factual findings included findings that Jane read letters to the child; that the Does received presents for the child from John; that John tried to call Jane after the child's biological mother was incarcerated but Jane "would not receive his calls"; and that another individual, pursuant to John's request, took cards and other letters to the child, but that Jane eventually told the individual to stop doing so.

6

child for most of the child's life. That John believes the Does should have done more to foster his relationship with the child does not mean the magistrate's findings were not supported by substantial and competent evidence or that the magistrate otherwise erred. Further, John has failed to identify anything in the record suggesting that he will be able to provide stability and certainty for his child.

The magistrate's finding that John was incarcerated, was likely to remain incarcerated for a substantial period of time during the child's minority, and termination of John's parental rights was in the best interests of the child is supported by substantial and competent evidence. John has failed to show that the magistrate erred when it terminated John's parental rights.

**B.     Evidentiary Claims**

John claims that the magistrate erred by denying his request to have the child testify at trial, by allowing John Doe I to be present for the entire court proceeding and not excluding him during Jane's testimony, and also by allowing witnesses for the Does to remain in the courtroom after their testimony was completed. John has provided no authority on appeal to support any of his evidentiary claims. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, these claims will not be considered.

## IV.

## CONCLUSION

There is substantial and competent evidence to support the magistrate's decision terminating John's parental rights because John is incarcerated and is likely to remain incarcerated for a substantial period of time during the child's minority and termination is in the child's best interests. As John provided no authority for the three evidentiary issues, those issues will not be considered on appeal. Accordingly, the magistrate's judgment terminating John's parental rights is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

7